# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TRITON CONTAINER INTERNATIONAL
LIMITED,
          *Plaintiff-Appellant,*

          v.

DI GREGORIO NAVEGACAO LTDA.; DI
GREGORIO TOCAN TRANSPORTES
LTDA.; FRANCO DI GREGORIO;
CAMILLO DI GREGORIO; DE
GREGORIO NAVEGACAO LTDA,
          *Defendants-Appellees.*

No. 05-15535

D.C. No.
CV-99-1291-MMC

ORDER

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted
February 17, 2006—San Francisco, California

Filed March 15, 2006

Before: Procter Hug, Jr., Arthur L. Alarcón, and
M. Margaret McKeown, Circuit Judges.

---

## COUNSEL

Charles S. Donovan, Sheppard Mullin Richter & Hampton,
LLP, San Francisco, California, for the appellant.

No appearance for the appellee.

---

## ORDER

Triton Container International Limited ("Triton") appeals the district court's denial of its application for a permanent injunction to enjoin Di Gregorio Navegacao Ltda., Di Gregorio Tocan Transportes Ltda., Franco Di Gregorio, and Camillo Di Gregorio (collectively, "Di Gregorio") from further pursuing a contract-related action against Triton in Brazil.

Triton, a lessor of ocean cargo containers, brought a breach of contract action against Di Gregorio in United States district court. The district court entered a final judgment against Di Gregorio of approximately $4,442,514. Di Gregorio did not appeal.

More than seven months after this judgment, Di Gregorio filed an action against Triton in a Brazilian state court. This action involved the same facts as in the concluded United States action. After the Brazil action commenced, Triton applied to the federal district court for an injunction against Di Gregorio's further pursuing the Brazil action. The district court denied the application in the interests of comity. Shortly after the denial of Triton's application, the Brazilian court issued a monetary judgment against Triton of approximately $1,848,085. Di Gregorio has not yet enforced the Brazilian judgment and the judgment is on appeal.

We have jurisdiction under 28 U.S.C. §§ 1291 and 1292, *see United States v. One 1986 Ford Pickup*, 56 F.3d 1181, 1185 (9th Cir. 1995). Triton properly stated grounds for a permanent injunction against Di Gregorio relitigating this case in a Brazilian court. After fully participating in the United States court action and after receiving an adverse judgment, Di Gregorio commenced an action seven months later in Brazil to litigate the same factual issues. Under these circumstances, the district court should have enjoined Di Gregorio from proceeding with the action in Brazil. *See Seattle Totems Hockey Club,*

*Inc. v. National Hockey League,* 652 F.2d 852, 855 (9th Cir. 1981). *Seattle Totems* held that a federal district court with jurisdiction over particular parties has the power to enjoin them from proceeding with a foreign action to litigate the same issues, and set out factors for the court's consideration. *Id.* at 855-56.

The district court abused its discretion by denying the injunction, having focused its decision on comity to the exclusion of other factors articulated in *Seattle Totems*. We therefore reverse the district court's denial of Triton's application for a permanent injunction, and we remand with instructions that the district court issue an injunction enjoining Di Gregorio from further pursuing its Brazilian action against Triton.

REVERSED AND REMANDED WITH INSTRUCTIONS.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.